### Denis Prieur *v.* Thomas Gibbes Morgan.

Action by a collector of the customs at New Orleans who had been removed, to reco-
ver from his successor one half of the commission of one per cent allowed to the
collector on the amount of certain bonds for duties on imports, the bonds having been
taken by the plaintiff, but their amounts paid to his successor, to whom the whole
commission was allowed on settlement of his accounts with the treasury :  *Held*,
that the act of Congress of 7 May, 1822, sec. 9, having declared that whenever the
emoluments of the collector of the customs at New Orleans, and certain other
ports, shall exceed a fixed sum, after deducting the expenses of the office, the excess
shall be paid into the treasury, plaintiff must show that he has not received the
*maximum* allowed by law, before he can maintain an action.

Appeal, by the plaintiff, from a judgment of the District Court
of the First District, *Buchanan*, J., in favor of the defendant.

Garland, J.   The plaintiff was appointed collector of the cus-
toms at New Orleans, in the year 1839, and took charge of the

Prieur v. Morgan.

office on the 5th of August of that year. On the 12th July 1841, he was removed from office by the President. The de_ fendant is his successor. At the time of plaintiff's removal, two entire quarters and twelve days of the third quarter of the current year had elapsed. He handed over to his successor bonds in favor of the United States, to secure the payment of import duties, to the amount of $429,540 82, the commission on which, at one per cent, is $4,295 41. Of this sum the plaintiff claims one half. In the settlement of his accounts with the treasury, the defendant has been credited with the whole of the commission, the bonds being paid after his appointment. This suit was brought to recover $2,147 70, being half of the commission. The defendant avers that the plaintiff is not entitled to recover, having been removed from office ; and he denies generally the allegations.

The act of Congress of 1799, relative to the compensation of the collectors of the customs, gives a certain fee for taking bonds, and when the money is collected, it allows a commission of one per cent to the collector ; and there is a further provision, that if a collector takes the bond, and dies or resigns before it becomes due, and his successor receives the money, then the commission is to be divided between the collector receiving the money, and the one who has resigned, or the representatives of the one deceased. 3 Laws of U. S., chap. 129, secs. 2, 4.

In 1822, Congress passed another act limiting the compensation of the collector at New Orleans, and some other ports, to certain sum, and directing them to pay all over that sum into the treasury, after deducting certain expenses. 7 Laws U. S., p. 81, sec. 9.

Judge Story has decided (2 Sumner's Reports, p. 576), that the collector is not bound to pay any thing into the treasury, until he shall have received a sum, deducting the expenses, exceeding the *maximum* allowed, and that decision seems to have been acquiesced in by the United States. The record in this case does not inform us, whether or not the plaintiff, in the fiscal year preceding his removal, received the *maximum* allowed, or not. If he has, it seems to us that he ought not to recover, because then he would have a greater compensation than the law

allows.   To ascertain this fact, we think the case ought to be remanded for a new trial.

In 4 Mason's Circuit Court Reports, p. 119, the same learned judge extended what he calls the equity of the statute of 1799, sec. 4, to a collector whose term of office had expired by its own limitation, who was renominated to the Senate, and rejected. The present case, is an attempt to press the equity of the statute to a collector removed from office.   It is admitted that the statute does not include the case in terms.   In remanding the case, we express no opinion on that point.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and that the case be remanded for a new trial, the appellee paying the costs of the appeal.

*Claiborne* and *Grymes*, for the appellant.

*Morgan*, pro se.